IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| -v- | Case No. 1:13-CR-00383 |
| DENNIS OWEN COLLINS, *et al.*, | |
| Defendants. | |

## ORDER

Before the Court is Defendant Austen Stamm's Motion to Suppress Evidence (Dkt. No. 150). The Government has opposed the motion (Dkt. No. 209). The Court has reviewed the pleadings and heard testimony and oral argument on June 6, 2014, and now issues this Order denying Mr. Stamm's Motion.

Upon entering Defendant's home, agents engaged in a standard protective sweep to secure the premises. As the sweep took place, Defendant was handcuffed and ordered to sit on the couch. After the sweep, Defendant was un-cuffed and there was no further physical contact between Defendant and the agents. The Defendant was told that he was not under arrest and that the officers were executing a search warrant. All parties described the tone of the interview as "cordial" and calm. When Defendant mentioned that he might be missed at work, he was told that he was free to leave, but he opted to remain and continue the interview.

Defendant cites favorably to the recent Fourth Circuit decision *United States v. Hashime*, 734 F.3d 274 (4th Cir. 2013), but *Hashime* does not support the conclusion that Mr. Stamm was in custody when he was questioned in his home. In *Hashime*, law enforcement officers woke the sleeping defendant, held him by the arm, and pointed a gun at him. The officers took the

defendant outside and did not allow him to put on shoes and socks or use the restroom. The officers then interrogated the defendant for three hours and when the defendant's mother tried to secure a lawyer for him, she was denied and told that he was under arrest. Given these circumstances, the court in *Hashime* held that the defendant was in custody for purposes of *Miranda*. 734 F.3d at 285.

The circumstances of this case are significantly less severe than those that led the Fourth Circuit to find that the defendant was in custody in *Hashime*. While the officers' initial entry into the residence might have been surprising or intimidating, engaging in a protective sweep is a standard safety measure and does not render the situation custodial. *See United States v. Hargrove*, 625 F.3d 170, 179 (4th Cir. 2010). Although Defendant was physically restrained for a short period, the use of handcuffs for a limited time was reasonable given the high number of firearms found in the residence and the need to inventory those weapons and ensure the safety of the agents. As soon as the scene was secure, the handcuffs were removed and Defendant was interviewed in the kitchen. He was never told that he was under arrest or that he was required to answer the agents' questions, and he was given clothing and a drink from his refrigerator when he requested them.

In the absence of a custodial interrogation, *Miranda* warnings are not required. The custody determination is based on an objective standard, and an individual will not be deemed to be in custody unless "a reasonable man in the suspect's position" would not have felt free to leave. *Berkemer v. McCarty*, 468 U.S. 420, 442 (1984). On these facts, it is evident that despite the Defendant's subjective discomfort with the situation, he submitted to a voluntary, non-custodial interview incident to the search warrant being executed at his residence. *Miranda* warnings were thus not required and suppression is not an appropriate remedy under these

circumstances. For the reasons stated in open court and those above, it is therefore **ORDERED** that:

1. Defendant's Motions to Suppress (Dkt. No. 150) is **DENIED**.

June 11, 2014
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge